

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00414-CV

———————————————

IN THE ESTATE OF NELSON CONTRERAS, JR., DECEASED

On Appeal from Probate Court No. 1
Tarrant County, Texas
Trial Court No. 2021-PR04148-1

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Samantha Sanford, acting pro se, attempts to appeal from the trial court's "Order Granting Mercedes Elizabeth Contreras's Motion for No Evidence Summary Judgment."[1]  A proposed judgment determining heirship and granting letters of independent administration remains unsigned and pending in the trial court. Because we conclude that the trial court's order is not a final judgment or an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders).  A final judgment is one that (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and all parties."  *Lehmann*, 39 S.W.3d at 205.  Unless one of the statutory exceptions listed under Section 51.014(a) applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment.  *Id.*

---

[1]In this probate proceeding, Sanford and Contreras each filed applications to determine heirship and to administer the Estate of Nelson Contreras, Jr., deceased. The trial court granted Contreras's motion for no-evidence summary judgment, dismissing Sanford's claim of informal marriage to the decedent and denying her pending application.  The trial court's order did not determine heirship or name an administrator.

Here, the statutory exceptions are inapplicable, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a), and the order does not "actually [dispose] of every pending claim and party"—a judgment determining heirship is still pending in the trial court.[2] *Lehmann*, 39 S.W.3d at 205. Thus, the order is interlocutory and unappealable until the trial court signs a final judgment. *Id.*

On August 19, 2025, we notified Sanford by letter of our concern that we lack jurisdiction over this appeal and warned that unless she or any other party filed a response by August 29, 2025, showing grounds for continuing the appeal, we could dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Sanford filed a response, but it does not address our jurisdictional concern.

Accordingly, because the order from which Sanford attempts to appeal is not a final judgment or an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Lehmann*, 39 S.W.3d at 195, 200; *see also In re R.B.*, No. 02-24-00531-CV, 2025 WL 285336, at *1 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because order being appealed was not a final judgment or an appealable interlocutory order).

---

[2]The trial court clerk recently confirmed that the trial court has not signed the proposed judgment determining heirship.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  October 9, 2025

4